HEIM v. ROBT. G. SPEER CORPORATION et al.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1915.)

No. 4187.

PATENTS ⬅➡328—INVENTION—SMOKE CONSUMER.
  The Heim patent, No. 759,711, for a steam-jet smoke consumer, in view of the prior art, *held* void for lack of invention.

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit in equity by Frank C. Heim against the Robert G. Speer Corporation and others. Decree for defendants, and complainant appeals. Affirmed.

John C. Higdon, of St. Louis, Mo., for appellant.

Comfort S. Butler and Frederick R. Cornwall, both of St. Louis, Mo., for appellees.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

SANBORN, Circuit Judge. This is an appeal from a decree of dismissal of a suit for the infringement of letters patent No. 759,711, issued to Frank C. Heim, May 10, 1904, for an improved steam-jet smoke consumer constructed according to the following claim:

"An improved steam-jet smoke consumer, comprising the combination with a furnace, of a horizontal air-pipe, one end of which projects free on the exterior of the furnace-wall, a removable cover for said projecting end of said air-pipe, a steam-pipe having a series of nozzles and detachably mounted within said air-pipe, but bodily removable therefrom while said nozzles are intact, said steam-pipe extending through a central opening in said cover, and means for supplying air to the said air-pipe, substantially as specified."

An examination of the prior art, including letters patent No. 371,804, to G. F. Tinkham, October 18, 1887; No. 527,895, to S. N. Smith, October 23, 1894; No. 259,277, to T. Murley, June 6, 1882; and No. 430,955, to Holmes & Sieben, June 24, 1890—has convinced that the only novelties embodied in the device of the patentee were that he so constructed his air-pipe and his steam-jet pipe within it that the latter can be more readily and easily detached and removed from the former

than by the use of prior like devices, and that he so placed and constructed his air-pipe that the cover of one end of it could be more readily and easily removed and replaced than the covers of the ends of the air-pipes or conduits of previous patents. But the use in smoke consumers of steam-jet pipes within air-pipes and conduits was old years before Heim's application for his patent. In their construction it was evidently necessary, or at least convenient and practicable, to make the pipes separately and then to place the steam-jet pipes within and attach them to the air-pipes. If it was desirable that the steam-jet pipe should be detachably secured within the air-pipe, so that it could easily and quickly be removed while the furnace was in operation, it could not have been beyond the capacity of a mechanic skilled in the art to so locate and attach the two pipes that the jet-pipe could be readily detached and removed. And if it was desirable that one end of the air-pipe should be temporarily, rather than permanently, closed, so that the cover to it might be readily removed, and so that the engineer could look into the air-pipe without interrupting the operation of the furnace, and observe the working of the steam through the jets, it could not have been beyond the capacity of such a mechanic to have so located and covered one end of the pipe as to have accomplished that object.

The conception and construction of the improvement disclosed by the patent to the plaintiff did not rise to the dignity of invention, and the decree below is affirmed.